**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09 C 2971 |
| ) | |
| ANTHONY REDMOND, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Anthony Redmond has filed a *pro se* motion under 28 U.S.C. § 2255 seeking to vacate his conviction and sentence for armed robbery and related offenses. For the reasons stated below, the Court denies his motion.

### Background

Anthony[1] and Tracy Redmond were charged along with other defendants in a three-count indictment. Count one charged the defendants with conspiracy to violate the Hobbs Act, 18 U.S.C. § 1951 by robbing an armored car, shooting a guard, and taking $400,000. Count two charged Tracy with robbing the armored car and Anthony with aiding and abetting the robbery, in violation of section 1951. Count three charged Tracy with possessing a firearm in furtherance of the robbery and using and carrying a firearm during and in relation to the robbery, in violation of 18 U.S.C. § 924(c)(1)(A),

---

[1] The Court will refer to Anthony Redmond as "Anthony" to distinguish him from his co-defendant Tracy Redmond.

and it charged Anthony with aiding and abetting Tracy in the commission of that crime.

Two co-defendants, Estelle Suttle and Willie Watson, pled guilty to the conspiracy charge and testified against the Redmonds at trial. The evidence at trial showed that on October 29, 2004, Tracy, Anthony, and Watson carried out a planned robbery of an armored car outside of Metropolitan Bank in Chicago. Suttle, a teller at the bank, provided them with inside information in return for money. As one of the guards entered the bank with a bag containing $400,000 in currency, Tracy directed Watson to pull their stolen van to a spot behind the armored car. Tracy jumped out of the van, grabbed the guard, held a gun to his neck, and demanded the bag. He took the bag from the guard after a struggle. During the struggle, Tracy shot the guard three times. Tracy then got back into the van, and the three men drove away. Anthony assisted in planning the robbery and was present in the van during the robbery.

A jury convicted the Redmonds on all charges. The Court sentenced Anthony to concurrent seventy month prison terms on counts one and two and a consecutive 120 month term on count three, for a total of 190 months. The Court sentenced Tracy to a 136 month prison term on counts one and two and a consecutive 120 month term on count three, for a total of 256 months. On appeal, the Seventh Circuit affirmed their convictions and sentences.

**Discussion**

In his section 2255 motion, Anthony argues that his trial counsel rendered ineffective assistance by failing to challenge the 120 month consecutive sentence and by failing to challenge the Court's restitution order, and that his appellate counsel rendered ineffective assistance by failing to challenge the reasonableness of the

2

sentence on appeal.

**1.     Ineffective assistance concerning section 924 charge**

Anthony first contends that his trial counsel was constitutionally ineffective for failing to challenge the basis for his 120 month consecutive sentence on the section 924 charge. Section 924(c)(1)(A) makes it a crime to (among other things) possess a firearm in furtherance of a crime of violence and to use or carry a firearm during and in relation to a crime of violence. 18 U.S.C. § 924(c)(1)(A). The statute provides that a person found to violate the statute shall be sentenced to a prison term consecutive to that provided for the crime of violence: not less than five years, or not less than seven years if the firearm is brandished, or not less than ten years if the firearm is discharged.

Anthony was not claimed to have possessed, carried, or used the firearm himself. Rather, the indictment alleged that he aided and abetted Tracy in violating section 924(c)(1)(A). Nothing in section 924(c)(1)(A) or the aiding and abetting statute – 18 U.S.C. § 2, which the indictment also cited – suggests that a person may not be convicted and sentenced under section 924(c)(1)(A) for aiding and abetting another person's violation of the statute.

The jury was correctly instructed regarding the elements of the charged section 924 offense. *See* Jury Instructions at 25. The jury was also correctly instructed regarding what it took to find Anthony guilty of that offense, either under an aider-and-abettor theory or under a theory that the offense was a foreseeable act of the conspiracy with which Anthony was charged, under *Pinkerton v. United States*, 328 U.S. 640, 646-47 (1946). *See* Jury Instructions at 31-32.

Anthony's primary claim regarding the section 924 charge appears to be that the Court, in sentencing him to a 120-month term, improperly made a finding that the firearm was discharged. He argues, citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny, that the Court cannot sentence him on this basis absent a finding by the jury to that effect. *See* Memorandum of Facts and Law at 5 & 8. The Court disagrees. The Supreme Court has held, in *Harris v. United States*, 536 U.S. 545, 556 (2002), that the enhanced minimum sentences for brandishing and discharging a firearm are sentencing factors appropriately determined by the sentencing judge, not elements of the offense that a jury must determine. For this reason, the government is not required to prove the discharge factor to a jury. *See United States v. Jones*, 418 F.3d 726, 731-32 (7th Cir. 2005). It is a corollary of this same principle – discharge of a firearm is a sentencing factor, not an element of the offense – that the government is not required to allege discharge in the indictment.

For this reason, Anthony was not prejudiced by his counsel's failure to challenge the 120 month sentence on the section 924 charge.

**2.    Ineffective assistance regarding restitution**

Anthony next argues that his trial and appellate counsel were ineffective for failing to argue that it was improper to impose a restitution requirement for the full $400,000. He contends that he should have been held liable only for one-fourth of that amount, because four persons participated in the charged conspiracy and that his attorney was ineffective for failing to argue this.

The Court disagrees. As the government correctly points out, the restitution

4

statute provides that if more than one defendant contributed to a victim's loss, the sentencing judge may make each defendant liable for payment of the full amount of the loss. 18 U.S.C. § 3664(h). That is what the Court did in this case, making Anthony, Tracy, and Watson each liable for the full $400,000. Anthony was not prejudiced by his trial and appellate lawyers' failure to challenge the restitution award.

**3.    Ineffective assistance regarding sentencing**

Finally, Anthony argues that his trial and appellate counsel were ineffective for failing to argue that the sentence the Court imposed was unreasonable. The government argues this claim is forfeited because Anthony did not argue on direct appeal that the sentence was unreasonable. The Court disagrees. The Supreme Court has made it clear that a claim of ineffective assistance may be brought via a section 2255 motion whether or not the defendant could have raised the claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 508-09 (2003).

Challenges on appeal to the reasonableness of a sentence are the norm ever since the Supreme Court made the Sentencing Guidelines advisory rather than mandatory in *United States v. Booker*, 543 U.S. 220 (2005), so it is perhaps somewhat surprising that Anthony's appellate counsel did not make the argument. But even were the Court to find counsel ineffective due to his failure to assert this issue on appeal, Anthony has not shown that he was prejudiced. The 120 month consecutive sentence on the section 924 charge was a mandatory consecutive term. As a result, Anthony's argument that his sentence was excessive is, for practical purposes, limited to the seventy month prison term that the Court imposed on the conspiracy and robbery charges, counts one and two. But that seventy month term was at the low end of the

5

advisory Sentencing Guidelines range for those offenses. A within-range sentence is presumed on appeal to be reasonable. *See Rita v. United States*, 127 S. Ct. 2456, 2462 (2007). In addition, as the government points out in its response to Anthony's section 2255 motion, the evidence was overwhelming that Anthony, along with Tracy, planned and carried out a robbery of an armored car knowing that they would be confronting armed guards, and that Tracy shot one of the guards three times to carry out the scheme. Anthony was less culpable than Tracy, the shooter, but that difference was reflected in the fact that Tracy's sentence on the robbery charge (136 months) was significantly higher than Anthony's (70 months). It is true that Willie Watson, who was also involved and who, like Anthony, did not himself carry or use a weapon, got a significantly lower sentence on the conspiracy charge. That lower sentence, however, appropriately reflected the fact that Watson admitted his guilt and testified against his co-defendants. The Court explained these factors in full on the record when it sentenced Anthony. *See* May 31, 2006 Tr. at 24-28.

In short, the crime was both premeditated and extraordinarily violent. This would have given appellate counsel a very tough row to hoe in arguing that a within-Guidelines sentence at the low end of the advisory range was unreasonable. An appellate attorney is not required to raise every possible issue and is allowed to press the issues that have colorable merit. *See Smith v. Robbins*, 528 U.S. 259, 288 (2000). And even if a straight-faced argument could be made that this issue should have been among those raised on appeal, Anthony has not shown that there is a reasonable probability that the Court of Appeals would have overturned the sentence. In short, Anthony has failed to make the showing of prejudice necessary under *Strickland v.*

*Washington*, 466 U.S. 668 (1984), to establish a claim of ineffective assistance of counsel.

## Conclusion

For the reasons stated above, the Court denies Anthony Redmond's section 2255 motion. The Clerk is directed to enter judgment in favor of the United States.

                                            MATTHEW F. KENNELLY
                                            United States District Judge

Date: October 29, 2009